# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLIE JONES, and<br>ACCESS NOW, INC.,<br>a Florida nonprofit corporation,<br><br>        Plaintiffs,<br>v.<br><br>CITY OF ADA, a political subdivision<br>of the State of Oklahoma, and<br>BOARD OF COMMISSIONERS,<br>OKLAHOMA DEPARTMENT OF<br>TRANSPORTATION<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No. CIV-07-175-SPS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## OPINION AND ORDER DENYING
## PLAINTIFFS' MOTION FOR ATTORNEYS' AND
## EXPERT'S FEES, LITIGATION EXPENSES AND COSTS

The Plaintiffs brought this action against the Defendant City of Ada (the "City") pursuant to the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12131-12134. The Plaintiffs later amended to add the Defendant Board of Commissioners, Oklahoma Department of Transportation (the "State"). The parties attended a settlement conference on March 29, 2010, at which time the case was settled except for the Plaintiffs' claim for fees and costs against the City pursuant to 42 U.S.C. § 12205. For the reasons set forth below, the Plaintiff's Motion for Attorneys' Fees and Expert's Fees, Litigation Expenses and Costs [Docket No. 86] is hereby DENIED.

A prevailing party in an action pursuant to the ADA may recover attorneys' fees, litigation expenses and costs. *See* 42 U.S.C. § 12205 ("In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion,

may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual."). In order to become a prevailing party, a plaintiff must obtain some relief on the merits of his claim. *See, e. g., Hewitt v. Helms*, 482 U.S. 755, 760 (1987) ("Respect for ordinary language requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail."); *Hanrahan v. Hampton,* 446 U.S. 754, 758 (1980) ("Congress intended to permit the interim award of counsel fees only when a party has prevailed on the merits of at least some of his claims."). Only "enforceable judgments on the merits and court-ordered consent decrees create the 'material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees." *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Services*, 532 U.S. 598, 604 (2001), *quoting Texas State Teachers Association v. Garland Independent School District,* 489 U.S. 782, 792-93 (1989) ("The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute."); *Hanrahan,* 446 U.S. at 757 ("[I]t seems clearly to have been the intent of Congress to permit . . . an interlocutory award only to a party who has established his entitlement to some relief on the merits of his claims, either in the trial court or on appeal."). Thus, private settlement agreements do not permit a plaintiff to become a prevailing party. *See Buckhannon,* 532 U.S. at 605 ("A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve

by the lawsuit, lacks the necessary judicial *imprimatur* on the change. Our precedents thus counsel against holding that the term 'prevailing party' authorizes an award of attorney's fees *without* a corresponding alteration in the legal relationship of the parties.") [emphasis in original]. "Private settlements do not entail the judicial approval and oversight involved in consent decrees." *Id.* at 604 n.7.

The Plaintiffs contend that they are the prevailing parties in this matter because: (i) the execution of a settlement agreement in their favor constitutes a sufficient alteration in the legal relationship between the parties for purposes of *Buckhannon*; (ii) the settlement agreement contemplates retention of jurisdiction by the Court for enforcement purposes; and, (iii) even if the settlement agreement does not contemplate retention of enforcement jurisdiction, the Court has not entered final judgment and thus retains in-suit enforcement power that "lends judicial teeth to the merit of the case." *See Biodiversity Conservation Alliance v. Stem,* 519 F.3d 1226, 1230 (10th Cir. 2008) ("Buckhannon's requirement that a prevailing party receive some form of judicial imprimatur . . . requires more than a mere judicial statement favoring one party. Instead, in order for a party to prevail, the court's statement must lend judicial teeth to the merits of the case."). The Court finds all these arguments unpersuasive.

First, as discussed above, *Buckhannon* demonstrates that purely private settlement agreements do not entitle a plaintiff to attorneys' fees under the ADA. The Plaintiffs argue that "other jurisdictions have determined that a settlement agreement entered into between the parties is sufficient to alter the relationship of the parties and thus will entitle

the Plaintiff to be the prevailing party" and cite *American Disability Association, Inc. v. Chmielarz*, 289 F.3d 1315 (11th Cir. 2002), but *Chmielarz* actually stands for a narrower proposition, *i. e.*, explicit court approval of a settlement agreement and express retention of jurisdiction to enforce it are the functional equivalent of a consent decree. *See* 289 F.3d at 1320 ("[I]f the district court either incorporates the terms of a settlement into its final order of dismissal *or* expressly retains jurisdiction to enforce a settlement, it may thereafter enforce the terms of the parties' agreement. Its authority to do so clearly establishes a 'judicially sanctioned change in the legal relationship of the parties,' as required by *Buckhannon*, because the plaintiff thereafter may return to court to have the settlement enforced.") [emphasis in original]. *See Bell v. Board of County Commissioners of Jefferson County*, 451 F.3d 1097, 1103 (10th Cir. 2003) (collecting cases and noting that "[m]ost circuits recognize 'that some settlement agreements, even though not explicitly labeled as a 'consent decree' may confer 'prevailing party' status, if they are sufficiently analogous to a consent decree.'"), *quoting T.D. v. LaGrange School District No. 102,* 349 F.3d 469, 479 (7th Cir. 2003).[1] The Court has not approved the

---

[1] The Plaintiffs also cite *Barrios v. California Interscholastic Federation*, 277 F.3d 1128 (9th Cir. 2002) for the proposition that a settlement agreement in and of itself alters the relationship between the parties and thereby confers prevailing party status. But as the City points out, the Tenth Circuit has specifically rejected the *Barrios* decision as inconsistent with *Buckhannon*. *See Bell*, 451 F.3d at 1103, fn. 7 ("The *Barrios* court held that the plaintiff was entitled to fees because 'his settlement agreement affords him a legally enforceable instrument' sufficient for prevailing party status under pre-*Buckhannon* precedent . . . This position can be maintained only by denying the difference between an 'instrument' enforceable as a matter of contract law and a court order enforceable as a matter of judicial oversight-a distinction that is self-evident and widely acknowledged . . . More to the point, denying this distinction would render the prevailing approach to settlement agreements (and the *Buckhannon* passages from which it derives) meaningless, because any such agreement, however private, is a legally enforceable contract.").

settlement agreement, the parties have not asked the Court to approve it and the settlement agreement does not contemplate that either of these things will occur. Further, the Court has issued no order incorporating the terms of the settlement between the parties and does not anticipate doing so; certainly the settlement agreement does not require (or even contemplate) that this will happen.

The Plaintiffs next argue that this case has the functional equivalent of a consent order (notwithstanding the absence of a court order approving the settlement agreement or incorporating its terms) because the settlement agreement contemplates retention of jurisdiction by the Court for purposes of enforcement. The settlement agreement *does* provide that "[t]he parties hereto agree that this Stipulation for Settlement, and its construction is governed by Oklahoma Law, and any suit arising as a result of this Stipulation for Settlement shall be filed in the original court in the U.S. District Court for the Eastern District of Oklahoma, or if that Court refuses to accept jurisdiction, in a Court of competent jurisdiction in and for Pontotoc County[,]" but it is clear that this language neither obligates the Court to retain enforcement jurisdiction nor even anticipates that the parties will ask the Court to do so. It is simply an agreement to bring any settlement disputes before the Court, *i. e.*, a contractual forum selection clause, and as such it cannot confer any subject matter jurisdiction upon the Court. *See Sanchez v. Board of Eastern New Mexico*, 361 Fed. Appx. 980, 984 (10th Cir. 2010) ("Because parties cannot confer subject matter jurisdiction by agreement where there is none . . . defendants' representations have no bearing on whether there is an adequate judicial *imprimatur* in

this case."), *citing Prier v. Steed*, 456 F.3d 1209, 1214 (10th Cir. 2006). And the Court otherwise would lack jurisdiction to entertain disputes arising under the settlement agreement because they would be a matter of state contract law between parties not wholly diverse, *i. e.*, Mr. Jones and the City are both citizens of Oklahoma. *See Buckhannon,* 532 U.S. at 604 n. 7 ("[F]ederal jurisdiction to enforce a private contractual settlement will often be lacking unless the terms of the agreement are incorporated into the order of dismissal."), *citing Kokkonen v. Guardian Life Insurance Company of America,* 511 U.S. 375, 381-82 (1994) ("[T]he court is authorized to embody the settlement contract in its dismissal order or, what has the same effect, retain jurisdiction over the settlement contract[] if the parties agree. Absent such action, however, enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction.").

Finally, the Plaintiff argues that because the case has not yet been dismissed the Court retains inherent "in-suit enforcement power" that is sufficient to "lend judicial teeth to the merits of the case." *Biodiversity Conservation Alliance,* 519 F.3d at 1230. But the Court is persuaded that the extent of its jurisdiction in this regard would be to resolve any dispute over whether a settlement had been reached. *See Sanchez,* 361 Fed. Appx. at 984 ("[T]hat the Agreement is judicially enforceable as a matter of contract law does not equate to an explicit retention of jurisdiction by the district court that confers prevailing party status on Mr. Sanchez, as he appears to suggest."). In any event, as the discussion herein makes abundantly clear, the issue is not about timing but instead about whether the

Court has given its judicial *imprimatur* to the settlement terms. Because the Court has neither approved the settlement agreement nor incorporated its terms into any order, and does not anticipate doing so upon dismissal (because the parties have not asked, and more importantly, the settlement agreement does not call for it), the Court clearly has not given its judicial *imprimatur* to the merits of the case. *See Bell*, 451 F.3d at 1103 ("[I]f a court does not incorporate a private settlement into an order, does not sign or otherwise provide written approval of the settlement's terms, and does not retain jurisdiction to enforce performance of the obligations assumed by the settling parties, the settlement 'does not bear any of the marks of a consent decree' and does not confer prevailing party status on the party whose claims have been compromised."), *quoting T.D.*, 349 F.3d at 479.

In summary, the parties entered into a private settlement agreement not approved by the Court or otherwise incorporated into any order. The Court has thus not afforded any relief to the Plaintiff on the merits of their claims, and they are accordingly not prevailing parties under 42 U.S.C. § 12205. The Plaintiff's Motion for Attorneys' Fees and Expert's Fees, Litigation Expenses and Costs and Incorporated Memorandum of Law [Docket No. 86] is hereby DENIED.

**IT IS SO ORDERED** this 29th day of September, 2010.

_____
**STEVEN P. SHREDER
UNITED STATES MAGISTRATE JUDGE**